UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NYJEE L. BOYD,

                              Plaintiff,

          v.

DEPUTY VINCENT PETRALIS, et al.,

                              Defendants.
_____

DECISION & ORDER

16-CV-6286W

On May 4, 2016, *pro se* plaintiff Nyjee L. Boyd ("plaintiff") commenced this action against the defendants pursuant to 42 U.S.C. § 1983 alleging that defendants subjected him to excessive force and failed to protect him in violation of the Eighth Amendment. (Docket # 1). Currently pending before this Court are three motions filed by plaintiff seeking appointment of counsel. (Docket ## 18, 25, 37). Also pending is a motion to compel filed by plaintiff. (Docket # 22).

### **Motion for Appointment of Counsel**

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see*, *e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

> 1. Whether the indigent's claims seem likely to be of substance;
>
> 2. Whether the indigent is able to investigate the crucial facts concerning his claim;
>
> 3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
>
> 4. Whether the legal issues involved are complex; and
>
> 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); see also *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider carefully the issue of appointment of counsel because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, that the appointment of counsel is not necessary at this

time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id.* Plaintiff has not done so at this stage. Moreover, contrary to plaintiff's contentions, the legal issues in this case – use of force and failure to protect – do not appear to be complex. Nor does plaintiff's case present any special reasons justifying the assignment of counsel. On this record, plaintiff's request for the appointment of counsel **(Docket ## 18, 25, 37)** is **DENIED without prejudice** at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**Motion to Compel**

On May 1, 2017, plaintiff filed a motion to compel defendants to respond to document requests that he served on March 23, 2017. (Docket # 22). On May 23, 2017, defendants responded to the outstanding requests, produced certain responsive documents, and objected to the production of others. (Docket # 27). Two days later, defendants filed opposition papers, noting that they had responded to the requests and opposing plaintiff's motion on the grounds that plaintiff did not confer with defendants' counsel as required by Fed. R. Civ. P. 37(a)(1). (Docket # 29). Defendants are correct that applicable rules require a party to confer with the opposing party about discovery disputes before seeking an order from the court compelling responses and to certify in any motion papers that such a conferral has occurred. *See*

Fed. R. Civ. P. 37(a)(1).  Plaintiff filed his motion in violation of these obligations.  Accordingly, plaintiff's motion to compel and for sanctions **(Docket # 22)** is **DENIED**.

**IT IS SO ORDERED**.

                                             *s/Marian W. Payson*
                                             MARIAN W. PAYSON
                                          United States Magistrate Judge

Dated:  Rochester, New York
         October 10, 2017