UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NYJEE L. BOYD,

                Plaintiff,

      v.

DEPUTY VINCENT PETRALIS, et al.,

                Defendants.
_____

DECISION & ORDER and
REPORT & RECOMMENDATION

16-CV-6286W

## PRELIMINARY STATEMENT

On May 4, 2016, *pro* se plaintiff Nyjee L. Boyd commenced this action against the defendants pursuant to 42 U.S.C. § 1983 alleging that they subjected him to excessive force and failed to protect him in violation of the Eighth Amendment.[1] (Docket # 1). Currently pending before this Court are two motions filed by plaintiff. The first is a motion to compel further discovery responses by defendants. (Docket # 60). The second is a motion to amend the complaint. (Docket # 61). Defendants oppose both motions. (Docket ## 68, 69).

## PLAINTIFF'S MOTION TO COMPEL

Plaintiff's motion to compel relates to a request for production of documents served on defendants.[2] (Docket # 67 at 11-12). Although the record does not make clear when

---

[1] The district court has construed his claims under the Due Process Claim of the Fourteenth Amendment, rather than the Eighth Amendment, because they arise from his incarceration as a pretrial detainee. (Docket # 5 at 3 n.1).

[2] Although Boyd captioned the request "Plaintiff's First Request for Production of Documents" (Docket # 67 at 11-12), the record shows that it was his second request (*see* Docket # 12). Defendants' response to it is captioned "Response to Second Request for Production of Documents." (Docket # 42). For ease of reference, the document request shall be referred to herein as the "Request."

the Request was served, defendants do not contest that they received it shortly after it was signed by plaintiff on November 10, 2017. (Docket # 68). By letter dated December 18, 2017, plaintiff wrote to counsel for defendants to inquire about the Request, responses to which had not been served. (Docket # 67 at 14). Plaintiff stated, "I request answers to the above demands or I will be forced to file a motion to compel." (*Id.*). Approximately two weeks later, defendants served their written responses. (Docket # 42). They objected to certain of the demands made in the Request; as to others, they indicated that they had produced responsive documents as part of their initial disclosures. (*Id.*). On January 29, 2018, plaintiff filed a motion to compel defendants to provide documents responsive to certain of the demands to which they had objected (Nos. 1-4), to which they had indicated they had previously provided responsive documents (No. 7), and to which they had indicated they had no responsive documents (No. 11). (Docket # 46). Less than one month later, plaintiff requested, and was granted, permission to withdraw the motion. (Docket ## 51, 52). He offered no explanation for the requested withdrawal. (Docket # 51).

Nearly four months later, on June 19, 2018, plaintiff filed the pending motion to compel. (Docket # 60). The motion was unaccompanied by any supporting affidavit, as required by the Local Rules of this District. *See* W.D.N.Y. L.R. Civ. P. 7(a)(3). Pursuant to the Local Rules, that failure alone "may constitute grounds for resolving the motion against the non-complying party." (*Id.*).

One month later, plaintiff filed a Declaration and Memorandum of Law in support of his motion. (Docket # 67). He argues that the Court should order defendants to provide all documents responsive to the demands to which they objected on the grounds that they waived their objections by filing belated responses. (Docket # 67 at 2, ¶ 6 and 4-5).

Although a party's delay in timely responding to discovery requests may constitute a waiver of objections thereto, a court has discretion to excuse the waiver depending upon the circumstances. *See*, *e.g.*, *Evans v. Murphy*, 2013 WL 2250709, *4 n.6 (W.D.N.Y. 2013) (citing *Ippolito v. Goord*, 2008 WL 2776864 (W.D.N.Y. 2008)); *Callaway Golf Co. v. Corporate Trade Inc.*, 2011 WL 1642377, *2 (S.D.N.Y. 2011); *McKissick v. Three Deer Ass'n Ltd. P'ship*, 265 F.R.D. 55, 57 (D. Conn. 2010). Here, although the record does not establish the precise date upon which counsel received Boyd's Request (which was presumably mailed from the Great Meadow Correctional Facility), defendants' responses were served approximately three weeks late and approximately two weeks after plaintiff had written to counsel to inquire about the Request. No motion to compel was necessary to induce the response. Under these circumstances, the brief tardiness in defendants' response, coupled with plaintiff's months-long delay in pressing the waiver argument, does not justify a finding of waiver of defendants' objections. *See*, *e.g.*, *Callaway Golf Co. v. Corporate Trade Inc.*, 2011 WL 1642377 at *2 (waiver finding not appropriate where responses were "only twenty-two days late" and "followed promptly" after reminder letter); *McKissick v. Three Deer Ass'n Ltd. P'ship*, 265 F.R.D. at 57 ("the [c]ourt finds that the delay of approximately one month is not sufficiently substantial as to justify the waiver of the defendants' objections, particularly in the absence of any deliberately evasive conduct by the defendants"); *Ippolito v. Goord*, 2008 WL 2776864 at *3 (waiver finding not warranted where defendant not prejudiced by delay and "discovery continued for over a year [after] the answers were filed").

Moreover, plaintiff filed this motion to compel without the required certification that he had conferred in good faith with opposing counsel in an effort to resolve the dispute before filing the motion. *See* Fed. R. Civ. P. 37(a)(1). Indeed, counsel has affirmed that plaintiff

did not contact her to discuss defendants' responses before filing the motion.  (Docket # 68 at ¶ 10).  Plaintiff cannot argue that he was unaware of the obligation considering that a prior motion to compel he had filed had been denied for precisely that reason.  (*See* Docket # 38 at 4 ("[p]laintiff filed his motion in violation of these [conferral] obligations[;] [a]ccordingly, plaintiff's motion to compel and for sanctions is denied.")).  Plaintiff's failure to comply with the conferral requirement before filing the pending motion to compel constitutes an independent basis for denying the motion.  *See*, *e.g.*, *Buckingham v. Lewis Gen. Tires, Inc.*, 2017 WL 975942 *6 (W.D.N.Y. 2017) ("[plaintiff's] failure to comply with Rule 37[(a)(1)], particularly in light of the Court's advisement [of the need to confer before filing a motion to compel], warrants denial of his motions [to compel]"); *Brown v. Clayton*, 2013 WL 1409884, *2 (D. Conn. 2013) ("[t]he failure to follow the meet and confer requirement is a sufficient basis for denying the motion to compel").  If he wishes to pursue obtaining additional documents responsive to the Request, plaintiff must first confer with defendants' counsel in good faith to try to resolve the disputes before filing another motion.

## PLAINTIFF'S MOTION TO AMEND

On June 27, 2018, plaintiff filed a motion to amend his Complaint to assert additional constitutional claims pursuant to 42 U.S.C. § 1983 against the existing defendants and to add seven new defendants.  (Docket ## 61, 61-1).  His motion was filed by the deadline of July 13, 2018, set in the Court's scheduling order for filing motions to amend the pleadings.  (Docket # 62 at ¶ 1).  Defendants oppose the motion on the grounds that the proposed new claims are barred by the statute of limitations and that amendment thus would be futile.  (Docket # 69).

### A. Applicable Legal Standards

Rule 15(a) of the Federal Rules of Civil Procedure provides that once the time for amending a pleading as of right has expired, a party may request leave of the court to amend, which shall be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a). If the underlying facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of relief, the party should be afforded the opportunity to test the claim on its merits. *See United States ex rel. Maritime Admin. v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi.*, 889 F.2d 1248, 1254 (2d Cir. 1989). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

While the court retains discretion to grant or deny leave to amend under Rule 15(a), "[the] outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.* at 182; *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 46 (2d Cir. 1983).

Despite the ordinarily lenient standard imposed, if the amendment proposed by the moving party is futile, "it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d at 131. "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citing *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)). Rule 8(a) of the Federal

Rules of Civil Procedure requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to give the defendant fair notice of the claim plaintiff is asserting and the factual basis for the claim. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). To avoid dismissal, the proposed amended claim must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The *Twombly* "plausibility standard" applies to complaints brought by *pro se*, as well as represented, plaintiffs. *Sowell v. Chappius*, 695 F. Supp. 2d 16, 18 (W.D.N.Y. 2010). "[A]ll pleadings, *pro se* or otherwise, must contain enough factual allegations to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Id.* (omission in original) (quoting *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008)). That said, "[a] document filed *pro se* is 'to be liberally construed' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,'" *Erickson v. Pardus*, 551 U.S. at 94 (internal citation omitted), although they still must comply with the pleading requirements of the Federal Rules of Civil Procedure, *White v. Drake*, 2011 WL 4478921, *6 (N.D.N.Y. 2011). "A court must make reasonable allowances so that a *pro se* plaintiff does not forfeit rights due to [his] lack of legal training." *Forbes v. State Univ. of New York at Stony Brook*, 259 F. Supp. 2d 227, 232 (E.D.N.Y. 2003). Thus, a court must construe *pro se* pleadings liberally and "interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

B. **Proposed New Claims Against Existing Defendants**

Plaintiff's motion seeks to amend the Complaint to add a Fourteenth Amendment constitutional claim to each of the Section 1983 claims asserted against the defendants in the pending Complaint. The basis for defendants' objection to this amendment is curious at best because the district court has already determined that those claims should be construed under the Due Process Clause of the Fourteenth Amendment. As plaintiff's affidavit in support of his motion makes clear, he simply wishes to amend the claims in his Complaint "to reflect the violation as a pre-trial [d]etainee." (Docket # 61 at ¶ 4). The statute of limitations presents no obstacle to amendment of the Complaint to reflect what the Court has already decided, and plaintiff's requested amendment in this respect is granted.

Plaintiff also seeks to assert First Amendment retaliation claims against the existing defendants. The proposed amended complaint reveals that these proposed claims are based upon the same essential facts that are alleged in the pending Complaint. Specifically, plaintiff simply wants to add the First Amendment as another constitutional basis for three of his existing Section 1983 claims – the First, Fourth and Fifth Claims. The First, Fourth and Fifth Claims in both the original and the proposed amended complaint assert that in April and May 2015 plaintiff filed grievances and complaints about threatening and harassing behavior of certain of the defendants and was assaulted by them and the other defendants on May 19, 2015. Indeed, the factual allegations in the claims are virtually identical in each complaint. Under these circumstances, the addition of a First Amendment claim clearly arises from the same "conduct . . . and occurrence set out . . . in the original pleading" and meets the relation-back standard of Fed. R. Civ. P. 15(c)(1)(B). Accordingly, I grant plaintiff's motion to add the First Amendment as an additional constitutional basis for his Section 1983 causes of action asserted in

the First, Fourth and Fifth Claims. *See Lehman XS Trust v. GreenPoint Mortg. Funding, Inc.*, 2019 WL 452888, *9 (2d Cir. 2019) ("[t]he purpose of Rule 15(c)'s relation-back provision is to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on the merits[;] . . . [t]he central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading") (internal quotations and citations omitted).

### C. Proposed Addition of New Defendants

Plaintiff also seeks to amend his complaint to add seven new defendants; he wishes to add one new defendant to the First Claim and to assert three new claims against various combinations of the seven. (Docket ## 61, 61-1). All of the claims he proposes to assert against the new group of defendants are Section 1983 claims. (Docket # 61-1 at 15-20). Defendants oppose the motion to add new defendants at this stage, maintaining that the proposed claims against this group of newly-proposed defendants are time-barred and do not relate back to the filing of the original complaint. (Docket # 69).

Section 1983 does not itself contain a statute of limitations. Courts must therefore "borrow" the limitations period from the most appropriate or analogous state statute. *Bd. of Regents of Univ. of State of New York v. Tomanio*, 446 U.S. 478, 483-84 (1980). The statute of limitations for unspecified injury actions in New York is three years. *See* N.Y. C.P.L.R. § 214(5); *Owens v. Okure*, 488 U.S. 235, 251 (1989) (applying New York's three-year statute of limitations to Section 1983 case). In determining the date upon which a Section 1983 claim accrues, however, federal law is controlling. *See Morse v. Univ. of Vt.*, 973 F.2d 122, 125 (2d

Cir. 1992). A Section 1983 claim is deemed to accrue when the plaintiff "knows or has reason to know of the injury which is the basis of his action." *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980), *cert. denied*, 450 U.S. 920 (1981).

The claims against the newly-proposed defendants arise from incidents (some but not all of which are central to the claims made in his original complaint) that occurred between May 13, 2015 and June 5, 2015, more than three years before plaintiff filed the pending motion to amend. The claims against the new defendants are time-barred and thus futile unless plaintiff can demonstrate that the relation-back doctrine applies.

The relation-back doctrine allows claims that are otherwise untimely to relate back to the claims in the original complaint. *See* Fed. R. Civ. P. 15(c); *Soto v. Brooklyn Corr. Facility*, 80 F.3d 34, 35 (2d Cir. 1996). Under Rule 15(c)(1) of the Federal Rule of Civil Procedure, a plaintiff may amend a complaint in a federal action after the expiration of the limitations period when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

Because the limitations period in this case derives from state law, Rule 15(c)(1)(A) directs the court to consider both federal and state law and employ whichever affords a "more forgiving" principle of relation back. *See*, *e.g.*, *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013); *Peralta v. Donnelly*, 2009 WL 2160776, *3 (W.D.N.Y. 2009); *Murphy v. West*, 533 F. Supp. 2d 312, 316 (W.D.N.Y. 2008); *Wilson v. City of New York*, 2006 WL 2528468, *2 (S.D.N.Y. 2006); *see also* Fed. R. Civ. P. 15(c)(1) advisory committee's note to 1991 amendment ("[w]hatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim").

Analyzing federal law first, I find that plaintiff cannot satisfy the relation-back doctrine because he has not demonstrated that his failure to name the new defendants within the limitations period resulted from a mistake or misnomer of identity.[3]  Plaintiff has offered no explanation for his delay in seeking to add these seven individuals as defendants and certainly has not suggested that it was the result of mistaken identity.  Indeed, he has admitted that he learned the facts giving rise to the claims through defendants' initial disclosures (Docket # 61 at ¶ 5), which were made well prior to the expiration of the limitations period (Docket # 15).  Under federal law, it is simply too late for plaintiff to add them now.  *Briggs v. Cty. of Monroe*, 2016 WL 1296060, *9 (W.D.N.Y.) ("[p]laintiffs' proposed addition of the new defendants in this case does not seek to cure any mistake of identity; rather, it seeks to cure plaintiffs' ignorance of the potential culpability of the proposed defendants[;] [t]hat it does so after the expiration of the

---

[3] Nor does this case raise the issue of naming defendants who were originally sued as "John Doe" defendants.  Plaintiff's original complaint named no John Doe defendants.  (*See* Docket # 1).  *See Ceara v. Deacon*, 2019 WL 758287, *3 (2d Cir. 2019) ("*Krupski [v. Costa Crociere S.p.A.*, 560 U.S. 538 (2010)] neither abrogated nor reconfigured [the] holding [in *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466 (2d Cir. 1995)] that an amendment to replace a John Doe defendant is made not to correct a mistake but to correct a lack of knowledge and is therefore not a mistake under Rule 15(c)(1)(C)") (internal quotation omitted).

statute of limitations is fatal to plaintiffs' motion"), *report and recommendation adopted by*, 215 F. Supp. 3d 213, 217 (W.D.N.Y. 2016); *see also Ceara v. Deacon*, 2019 WL 758287 at *5 ("[w]hile adding a new party . . . may unfairly deny protection to which that party was entitled under the statute of limitations . . . , no such concern is present when a plaintiff correctly names a previously misnamed party").

Plaintiff's proposed claims against the new defendants fare no better under New York state law. Under New York's relation-back doctrine, as interpreted by New York courts, the plaintiff must show, among other things, that the failure to name the proposed defendant was the result of a "mistake by plaintiff as to the identity of the proper part[y]." *See Neal v. Wilson*, 239 F. Supp. 3d 755, 761 (S.D.N.Y. 2017) ("[N.Y. CPLR § 203] has been interpreted to embody essentially the same limitation as Federal Rule 15(c)(1)(C), . . . namely, requiring the plaintiff to show that 'the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well'") (quoting *Buran v. Coupal*, 87 N.Y.2d 173, 178 (N.Y. 1995)); *Briggs v. Cty. of Monroe*, 2016 WL 1296060 at *10 ("many district courts have held that the 'mistake' requirement of Rule 15(c)(1)(C) is similar to the mistake requirement of Section 203 of the New York Civil Practice Law and Rules, the relevant New York relation back provision"); *cf. DaCosta v. City of New York*, 296 F. Supp. 3d 569, 587-90 (E.D.N.Y. 2017) (discussing New York's relation-back rules and identifying apparent conflicts in how "different appellate departments evaluate the [mistake] prong," particularly in cases involving Doe defendants). As noted above, plaintiff has made no attempt to explain his failure to name the defendants before the statute of limitations expired. Thus, nothing in the record supports a conclusion that the failure to name them was due to a mistake in identity. On this record, New York's relation-back

doctrine likewise does not afford him relief. *See Briggs v. Cty. of Monroe*, 215 F. Supp. 3d 213, 217 (W.D.N.Y. 2016) ("this [c]ourt agrees with [the] conclusion that for the same reason a mistake is not present under Rule 15(c)(1)(C), it is also not present under the corresponding provision found at Section 203 of New York's Civil Practice Law and Rules").

For the reasons discussed above, I conclude that plaintiff has failed to establish that his otherwise time-barred claims against the proposed new defendants relate back to the original complaint under federal or state law principles. To permit amendment to add them now would be an act of futility, and I recommend that the district court deny plaintiff's motion to amend insofar as it seeks to add the seven newly-identified individuals as defendants to this action.

## CONCLUSION

For the reasons discussed, plaintiff's motion to compel **(Docket # 60)** is **DENIED**. Plaintiff's motion to amend the Complaint **(Docket # 61)** to add the Fourteenth Amendment as a basis for the Section 1983 claims asserted in his First through Seventh Claims and to add the First Amendment as a basis for the Section 1983 claims asserted in his First, Fourth and Fifth Claims is **GRANTED**. This Court further recommends to the District Court that his motion to amend the Complaint **(Docket # 61)** to add seven newly-identified defendants be **DENIED**.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
      March 8, 2019

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance.  *See*, *e.g.*, *Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

                                                          *s/Marian W. Payson*
                                                       MARIAN W. PAYSON
                                               United States Magistrate Judge

Dated: Rochester, New York
         March 8, 2019