UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NYJEE L. BOYD,

                          Plaintiff,

        v.

DEPUTY VINCENT PETRALIS, et al.,

                          Defendants.
_____

DECISION & ORDER

16-CV-6286W

On May 4, 2016, *pro se* plaintiff Nyjee L. Boyd ("Boyd") commenced this action against the defendants pursuant to 42 U.S.C. § 1983 alleging that defendants subjected him to excessive force and failed to protect him in violation of the Eighth Amendment. (Docket # 1). Boyd subsequently amended his complaint to allege that defendants also violated his Fourteenth and First Amendments rights. (Docket # 82). Currently pending before this Court is Boyd's fourth motion for the appointment of counsel. (Docket # 94). Boyd seeks the assistance of counsel because: (1) he is unable to afford counsel; (2) the issues in this case are, in Boyd's view, complex and will require expert testimony; (3) he is housed in the segregation unit and has "extremely limited" access to the law library; (4) he has been unable to retain counsel on his own; (5) he has "limited knowledge of the law"; and, (6) he suffers from mental disabilities that prevent him from being able to fully litigate this case. (*Id.* at 1).

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re*

*Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [plaintiff's] chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards stated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 61-62, that the appointment of counsel is not warranted at this time. Although it appears that discovery has been conducted in this case, Boyd has not established a likelihood of success on the merits. Moreover, the legal issues in this case – use of force and failure to protect – do not appear to be complex.

In addition, Boyd's conduct in prosecuting this matter thus far strongly suggests that he is capable of understanding and handling the litigation, contrary to his claims in the pending motion. Boyd drafted the complaint and successfully moved to amend it. (Docket ## 1, 61, 82). He has sent regular correspondence to the Court requesting extensions of time to complete discovery. (*See*, *e.g.*, Docket ## 16, 19, 21, 31, 40, 59, 66, 99). Boyd has also filed several motions to compel (*see* Docket ## 22, 46, 60, 92), and has received responses to discovery requests from defendants (*see* Docket ## 27, 42, 48, 71-78).

Furthermore, the Court notes that Boyd's confinement in segregation, standing alone, does not justify appointment of counsel. *See*, *e.g.*, *Wiggins v. Cornelius*, 2016 WL 4536880, *1 (N.D.N.Y. 2016) (denying motion to appoint to counsel where plaintiff was "housed in the [special housing unit], [and could not] visit the law library or ask other inmates for help"); *Davis v. Barrett*, 2010 WL 1407291, *1 (W.D.N.Y. 2010) (denying appointment of counsel where plaintiff claimed "that the legal issues [were] complex and he ha[d] limited knowledge of the law and, due to his placement in administrative segregation, limited access to the law library"); *Applewhite v. McGinnis*, 2008 WL 4426577, *1 (W.D.N.Y. 2008) (appointment of counsel not justified where, among other things, plaintiff "indicate[d] that his access to the prison law library [was] limited, due to the fact that he [was] confined to the

3

Special Housing Unit"). Moreover, aside from simply submitting medical records from Strong Behavioral Health from June 2004 (Docket # 94 at 19-25), which suggest that Boyd suffers from mental health impairments such as ADHD, he has not otherwise demonstrated that those impairments limit his ability to litigate this case. Appointment of counsel is thus not warranted on this basis, especially where Boyd has shown an ability to pursue his claims in this case. *See, e.g., Perez v. Cty. of Monroe*, 2012 WL 4052470, *2 (W.D.N.Y. 2012) (denying appointment of counsel where *pro se* plaintiff was "capable of prosecuting his case" and "equipped to understand the litigation process" despite "mental health disabilities"); *Lewis v. Turco*, 2010 WL 2287509, *1 (W.D.N.Y. 2010) (appointment of counsel denied where *pro se* plaintiff had not demonstrated that mental health issues would hinder his ability to litigate his claims); *Byng v. Campbell*, 2008 WL 4662349, *6 (N.D.N.Y. 2008) (denying appointment of counsel where *pro se* plaintiff was "able effectively to litigate" his claims notwithstanding various "medical and mental health issues"). Finally, Boyd's case does not present any special reasons justifying the assignment of counsel.

On this record, Boyd's request for the appointment of counsel **(Docket # 94)** is **DENIED without prejudice** at this time. It is Boyd's responsibility to retain an attorney or continue with this lawsuit *pro se*. 28 U.S.C. § 1654.

**IT IS SO ORDERED.**

                                              *s/Marian W. Payson*
                                              MARIAN W. PAYSON
                                              United States Magistrate Judge

Dated: Rochester, New York
       September 9, 2019